No. 14,720.

HANDLER *v.* GORDON DOING BUSINESS AS GORDON CONSTRUCTION COMPANY.

(120 P. [2d] 205)

Decided November 10, 1941.

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for plaintiff in error.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. ROBERT A. THEOBALD, for defendant in error.

*En Banc.*

PER CURIAM.

In a supplementary proceeding, plaintiff in error was under examination in relation to his property holdings. At the conclusion of the hearing, the court, moved thereto by defendant in error, considered the matter as a direct criminal contempt, and made pronouncement and entered judgment as follows:

"The function of the court in punishing for contempt is only to be invoked in cases where, in the opinion of the court, there has been manifest perjury committed. The Court can appreciate the mental condition of the defendant and the motives which prompted them and can overlook his insolence to the Court while on the witness stand, but the defendant in this case in his answers to questions properly presented convinces the Court that he has no appreciation of the significance or sacredness of an oath, and that the manifest perjury committed before the Court should be called an obstruction of justice by the Court, therefore, I find the defendant guilty of contempt and sentence him to ninety days in jail." The judgment is challenged, for that, as said, inter alia, the court failed to find and set forth the specific facts upon which judgment of contempt was predicated.

The court having proceeded summarily, and apart from orders ordinarily entered in supplementary proceedings, it was necessary, as we perceive, that its judgment "recite the facts constituting the contempt." 12 Am. Jur., Contempt, p. 444, §78. See, *Joslyn v. People,* 67 Colo. 297, 184 Pac. 375; *Shore v. People,* 26 Colo. 516, 59 Pac. 49; *Wyatt v. People,* 17 Colo. 252, 28 Pac. 961. Obviously, as our study convinces, there is paucity of recital of facts. It follows that the judgment was not well-bottomed.

Remand is ordered; but without prejudice to the power of the court to proceed further as advised. If action shall be taken on the record now before us to justify the judgment, the new analysis and findings may be certified as in response to the present writ of error,

when we will reexamine generally; otherwise, and after thirty days, the trial court will enter appropriate order of reversal.

MR. CHIEF JUSTICE FRANCIS E. BOUCK not participating.