No. 15,356.

MAINLAND *v*. THE PEOPLE.
(139 P. [2d] 366)

Decided June 14, 1943.   Rehearing denied July 6, 1943.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, for plaintiff in error.

Mr. JAMES T. BURKE, District Attorney, Mr. DAVID ROSNER, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as defendant. The Manager of Safety and Excise of Denver is ex officio sheriff and defendant is one of his deputies. The latter was found guilty of contempt for failure to obey an order entered by Judge Black and fined $100. To review that judgment he prosecutes this writ. He has requested oral argument. His motion is indefinite, but we assume it filed on the contingency that this case might be finally disposed of here on his application for supersedeas. If so, such argument was his right, but since we reverse the judgment he cannot be prejudiced by failure to grant his motion. Hence, in the interest of expedition, it is denied.

One Montoya was sentenced to the state reformatory at Buena Vista and the mittimus delivered to the sheriff's office. It directed the *sheriff* to transport the prisoner "with all convenient speed" and deliver him to the warden. Eleven days later the judge learned that Montoya was still in the Denver jail and had him

brought in and questioned. The next day he ordered attachment issued for defendant "Undersheriff * * * to show cause why he should not be held in contempt of Court for failure to comply with the order of Court," etc. The citation simply recited the imposition of the sentence on Montoya, the inclusion in the mittimus of the direction that the prisoner "be by the *Sheriff* removed * * * and conveyed by the said *Sheriff* with all convenient speed," and that, "It appears to the Court that Thomas Mainland, *Under Sheriff* of the City and County of Denver has failed to comply with said order," and directed him to show cause. Defendant filed his answer admitting the failure but justifying with certain reasons which, if true, were probably sufficient. A hearing was had thereon and testimony taken, whereupon the judge, by an oral finding and order, held defendant guilty of contempt and imposed the fine. That order contained no statement of fact which would support it. The questions hereinafter decided are properly raised and argued. Others require no consideration.

Counsel for defendant say this was a case of constructive civil contempt; those for the people that it was one of criminal contempt.

■ ■ What contempts are civil and what criminal, what direct and what constructive, the texts, statutes, and adjudicated cases leave in hopeless confusion. This apparently arises from attempts at over-refinement, and specific definition in cases which do not admit of such. Each must stand upon its own facts, and the facts are as diverse, multifarious, and complicated as the imagination can conceive. Some clearly fall within a given class and no confusion can arise. Others partake of characteristics both civil and criminal, and either class may be in part direct and in part indirect or constructive. Direct criminal contempts are punishable summarily without affidavit, notice, rule to show cause, or other process. *Lindsey v. People,* 66 Colo. 343, 181 Pac. 531.

202

■ Refusal to obey an order of court entered in connection with a criminal investigation or trial is a criminal contempt. A proceeding to punish it is governed by the common law. This the legislature is powerless to abrogate but may reasonably regulate. *Wyatt v. People,* 17 Colo. 252, 28 Pac. 961.

■ ■ We assume this contempt, if any, was criminal. In such cases constitutional courts are vested with very broad discretionary powers that their functions may be unimpeded. Certain procedural steps are, however, mandatory. This to the end that those charged may not be arbitrarily dealt with and reviewing courts may know that power has not been abused. For failure of the record in this respect this judgment is void. It seems pertinent, however, to observe that but for that failure a valid judgment might have been entered against defendant under the assumed facts. The powers and duties of sheriffs and their deputies, while acting as court officers, are defined by statute, rule, and order, and no discretion is vested in them to disobey.

■ Counsel for the people assert that the contempt here charged was direct, i.e., constructively committed in the presence of the court. Had the proceeding been against the sheriff that position might be tenable. The order was to the sheriff. The court could take judicial notice of its own records, hence knew of the conviction and sentence of Montoya and the issuance of the mittimus. After the lapse of eleven days the prisoner was before the judge in Denver, hence he had judicial knowledge of the fact that the *sheriff* had not obeyed the order. But so far as the record discloses he had no judicial knowledge that the particular duty to obey devolved upon this deputy, nor had defendant, nor have we. The default might have been that of the sheriff himself or of some other deputy. Even had defendant, by custom or general order, been charged with the execution of such mittimus the sheriff could,

and in this case may, have directed another to act. The court recognized this when he ordered defendant to show cause. If the contempt were criminal and direct there was no cause to be shown and no hearing was required. The order to show cause was essential because the proceeding was against another than he to whom the mittimus was directed. In such case a statement of facts which if true would constitute contempt was essential to the validity of the citation. Being devoid of even a pretense of such the citation was void and the court proceeded without jurisdiction.

■ But assuming a direct criminal contempt and treating citation and hearing as superfluous the judgment is void. Take for illustration a most flagrant case of direct criminal contempt, i. e., a violent personal assault upon a witness on the stand. Neither citation nor order to show cause nor hearing nor testimony are essential. All facts are within the judicial knowledge of the court and the offender is summoned to the bar and promptly punished. Even so the order imposing sentence should thereafter be reduced to writing and contain a statement of the facts which justify it. Otherwise one arbitrarily and unlawfully dealt with can have no redress, since an appellate court is not informed by the record whether the facts did or did not constitute contempt. *Handler v. Gordon,* 108 Colo. 501, 120 P. (2d) 205.

■ In cases of criminal contempt the statute requiring the judgment to recite the facts is not applicable, but absence of such recital is only sanctioned where the record discloses them and former findings or orders of the court detail them. *Eykelboom v. People,* 71 Colo. 318, 206 Pac. 388.

■ A due regard for the rights of the accused seems to require that the applicable orders shall recite the facts. While judgments in contempt are "final and conclusive," this inhibition applies only to mere error,

but does not prohibit review where the court has acted without jurisdiction or the judgment was wholly unauthorized. In such event the question may be raised by writ of error. *Wyatt v. People, supra.* The record must somewhere show the facts which give the court jurisdiction and disclose that it has not exceeded its powers. This record discloses no facts justifying procedure against the deputy instead of his principal to whom the order was issued. It does disclose that essential elements of guilt were not within the judicial knowledge of the court, hence the order to show cause and the hearing. It fails to disclose a finding thereon and is devoid of any definite statement of facts supporting the judgment. It contains certain inferences, but whether those are applicable to the transaction under investigation or to prior and disconnected orders in other causes, where it would appear that the court was dissatisfied with defendant's conduct, we are not advised.

For the defects above enumerated the judgment is reversed and the cause remanded with directions to dismiss the proceeding.

MR. JUSTICE GOUDY not participating.