## No. 26333

## The People of the State of Colorado v. Richard A. Ellis

(540 P.2d 1082)

Decided September 29, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth Dresner, Deputy, Carol L. Gerstle, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal was prosecuted after Judge Matt J. Kikel sentenced the defendant to thirty days in jail for contempt. We reverse and dismiss.

After charges of burglary in the second degree and conspiracy to commit burglary in the second degree were filed, arraignment was delayed

until the defendant was released from the Colorado State Hospital. When the defendant was arraigned, the information was read to him by the clerk. Following the reading of the information, a brief colloquy occurred between the trial judge and the defendant. The defendant's answers offended the trial judge. No facts are before us which would support a finding of contempt. No warning was given, and the primary factual foundation consisted of the defendant's responses to the court's questions.

██ In our view, the trial judge acted precipitously. The summary contempt power is necessary to insure and preserve decorum in the courtroom. It is ample to prevent disruption and provides the trial judge with the power to punish contemptuous conduct which occurs in his presence.

In reviewing a finding of contempt in an earlier case in the same court, we said:

"'The power of a judge to punish contempt committed in his presence is not designed to protect his own dignity or person, but to protect the rights of litigants and the public by ensuring that the administration of justice shall not be thwarted or obstructed.'

. . . .

"Summary punishment is permitted because a court could not properly administer justice if disturbances within the courtroom could not be suppressed by immediate punishment. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). When the judicial process is [affronted] or disrupted, the dignity and authority of the court must be vindicated to reestablish the respect which is owed to the court and which is necessary to the proper functioning of the court. Cooke v. United States, supra; United States v. Landes, 97 F.2d 378 (2d Cir. 1938); State v. Wilson, 30 Ohio St. 2d 312, 285 N.E.2d 38 (1972); People v. Selby, 156 Colo. 17, 396 P.2d 598 (1964)." *Losavio v. District Court*, 182 Colo. 180, 512 P.2d 266 (1973).

In *Eaton v. City of Tulsa*, 415 U.S. 697, 94 S.Ct. 1228, 39 L.Ed.2d 693 (1974), the use of a street variety expletive, in answer to a question on cross-examination, was declared to be insufficient to support a finding of contempt:

"In using the expletive in answering the question on cross-examination '[i]t is not charged that [petitioner] here disobeyed any valid court order, talked loudly, acted boisterously, or attempted to prevent the judge or any other officer of the court from carrying on his court duties.' Holt v. Virginia, 381 U.S. 131, 136, 85 S.Ct. 1375, 1377, 14 L.Ed.2d 290 (1965); see also In re Little, 404 U.S. 553, 92 S.Ct. 659, 30 L.Ed.2d 708 (1972). In the circumstances, the use of the expletive thus cannot be held to 'constitute an imminent . . . threat to the administration of justice.'"

In concurring in *Eaton*, Mr. Justice Powell also said:

"I place a high premium on the importance of maintaining civility and good order in the courtroom. But before there is resort to the summary remedy of criminal contempt, the court at least owes the party concerned some sort of notice or warning. No doubt there are circumstances

in which a courtroom outburst is so egrigious as to justify a summary response by the judge without specific warning, but this is surely not such a case."

■ In the instant case, no clear warning was given, and the record does not support a finding of direct contempt for which summary punishment would lie.

Accordingly, we reverse and dismiss.