## No. C-876

**Robert L. Thrap v. The People of the State of Colorado and the City of Thornton**

(558 P.2d 576)

Decided January 10, 1977.                    Rehearing denied January 31, 1977.

Robert D. Bradley, Edwin S. Culver, for petitioner.

Orrel A. Daniel, City Attorney, Leonard H. McCain, Assistant, Steven N. Koeckeritz, Assistant, for respondents.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The defendant was convicted of contempt of the Thornton Municipal Court. After a trial de novo in the County Court of Adams County, he was again found guilty. The latter conviction was affirmed in the Adams County District Court. We reverse.

While the defendant was being arraigned in the Thornton Municipal Court on a traffic charge, he twice attempted to explain to the judge some alleged police misconduct at the time of his arrest. Both times the judge explained that evidence could not be heard at the arraignment. This explanation caused the defendant to become "visibly agitated." Upon the judge's insistence, he then entered a not guilty plea.

As the defendant was leaving the courtroom, he muttered a comment to his wife. Nobody testified to having heard the content of the comment.[1] Unable to hear the defendant's remark, and noticing the attention of others in the courtroom focused on the defendant, the judge instructed the bailiff to bring the defendant back to the bench. The bailiff pursued the defendant out of the courtroom into an adjoining hallway and returned him to the bench. The judge then demanded that he repeat the comment he had made to his wife and warned him that refusal would result in a contempt charge. The defendant responded that the comment was none of the judge's concern. He was then handcuffed in open court and cited for contempt.

Among other contentions, the defendant here asserts that the evidence was insufficient to support a contempt conviction and that the municipal judge had no authority to order him to divulge a privileged communication.[2] We agree.

## I. *THE EVIDENCE WAS INSUFFICIENT TO PROVE CONTEMPT.*

In Colorado a municipal court judge "has all judicial powers relating to the operation of his court. . . ." Section 13-10-112, C.R.S. 1973. One such power, implied by the need to maintain the order and decorum indispensable to judicial proceedings, is the contempt power. Like other inherent judicial powers, this power must be exercised with patience and self-restraint.

---

[1] Defendant later testified that he merely had told his wife they would have their attorney handle the matter.

[2] Because of our view on the husband-wife privilege, it is unnecessary for us to consider applicability of the constitutional protection against self-incrimination.

A judge's power, "to punish contempt committed in his presence is not designed to protect his own dignity or person, but to protect the rights of litigants and the public by ensuring that the administration of justice shall not be thwarted or obstructed." *Losavio v. District Court*, 182 Colo. 180, 184, 512 P.2d 266, 267 (1973). Judges must be cautious to avoid overreacting when persons not familiar with court procedures, through ignorance or frustration, unintentionally cause minor commotions.

Since the contempt power is rooted in the necessity to maintain the respectful atmosphere appropriate to efficient administration of justice, it should be invoked only when the judicial process has been seriously affronted or disrupted. Only then is there a need to vindicate the dignity and authority of the court or to reestablish the respect owed to it. See *People v. Ellis*, 189 Colo. 378, 540 P.2d 1082 (1975).

In our view, there was insufficient evidence to support the contempt conviction here because there was no evidence to support a finding that the defendant's remarks to his wife caused any obstruction of justice. The municipal judge's testimony that spectator attention was focused on the defendant does not prove an obstruction of justice. *In re People in the Interest of Murley*, 124 Colo. 581, 239 P.2d 706 (1951). Without some evidence that the substance of the defendant's comment was heard by someone besides his wife, and that he spoke disparagingly of the court, the defendant's remarks to his wife cannot support the conviction.

The record indicates that the only substantial delay or disruption in court proceedings occurred *after* the judge required the defendant to return to the courtroom, sought to force him to divulge his prior remarks, and had him handcuffed in open court. That disruption cannot be attributed to the defendant's conduct.

## II. *THE DEFENDANT'S REMARK TO HIS WIFE WAS PRIVILEGED.*

It is clear from the record that the defendant's conviction was founded on his refusal to reveal what he had said to his wife. The defendant, contending that the judge had no authority to demand this information, relies on the husband-wife privilege. That privilege is defined as follows:

"A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; *nor* during the marriage or afterward *shall either be examined without the consent of the other as to any communications made by one to the other* during the marriage; . . . ." (Emphasis added.) Section 13-90-107(1)(a), C.R.S. 1973.

Although others were in the courtroom, there was no evidence that anyone else overheard the *content* of the defendant's comment to his wife. Absent such evidence, which might have shown waiver of the

privilege, the circumstances justified a reasonable expectation of privacy in this husband-wife communication. While the privilege might have been claimed in more precise language if the defendant had been accompanied by counsel, his general assertion was sufficient. We hold that his comment to his wife was protected by the statutory privilege. Thus the judge had no authority, without the consent of the defendant or his wife, to order him to reveal what he had told her.

■ One cannot be convicted of contempt for respectfully[3] declining to comply with an order which is beyond the court's authority. *Pomeranz v. District Court*, 74 Colo. 58, 218 P. 742 (1923) (defendant's refusal to obey order to deliver property to receiver not contempt where court had no authority to so order). See also *Arkansas Valley Sugar Beet & Irrigated Land Co. v. Lubers*, 72 Colo. 513, 212 P. 848 (1923) (refusal to obey void decree); *Newman v. Bullock*, 23 Colo. 217, 222, 47 P. 379, 381 (1896) (void decree disobeyed); *Smith v. People*, 2 Colo. App. 99, 29 P. 924 (1892) (refusal to obey void injunction).

The judgment is reversed and the cause remanded to the district court with instructions to dismiss.

---

[3] The County Court (the trial court) did not find, and the evidence would not support a finding, that the defendant's demeanor in refusing to divulge his prior comment, was contumacious, insulting or disruptive.