**The PEOPLE of the State of Colorado, Plaintiff,**

v.

**Pete GANATTA, Defendant.**

**Charles MALOUFF, Assistant District Attorney for the Tenth Judicial District of the State of Colorado, Appellant,**

v.

**DISTRICT COURT IN AND FOR the TENTH JUDICIAL DISTRICT of the State of Colorado, and The Honorable Richard D. Robb, one of the Judges thereof, Appellees.**

**No. 80CA0116.**

Colorado Court of Appeals, Div. I.

Nov. 28, 1980.

Charles Malouff, pro se.

J. E. Losavio, Jr., Dist. Atty., Amy S. Isaminger, Deputy Dist. Atty., Pueblo, for appellant.

Richard D. Robb, Pueblo, pro se.

ENOCH, Chief Judge.

This is an appeal by Charles Malouff of a judgment of conviction for contempt of court. We reverse and remand for a hearing.

Charles Malouff was the prosecuting attorney in a criminal jury trial. At approximately 2:00 p. m. on the second day of trial, he called as a People's witness Ms. Sue Force. Defense counsel advised the court that before Ms. Force testified, he wanted to talk with Ralph Force, a witness under federal protection, who was scheduled to arrive in Pueblo that day. The court suggested that the cross-examination of Sue Force be delayed until the next day to give defense counsel the necessary time to speak to Mr. Force. The prosecutor objected to that and advised the court that it would not be fair to break up Sue Force's testimony.

The trial court suggested that the prosecutor call some other witness and call Sue Force after defense counsel had a chance to talk with Ralph Force. The prosecutor informed the court that he could not put any other witness on, because Sue Force provided the foundation for the testimony of the People's other witnesses.

At approximately 2:33 p. m., the court declared a recess to await the arrival of Ralph Force and to give defense counsel an opportunity to talk with him. This private conference was held and the court reconvened at 3:22 p. m.

From 3:22 p. m. to 4:00 p. m., counsel conducted argument to the court about an evidentiary point regarding Sue Force's impending testimony. From 4:00 to 4:16 p. m., court was in recess to allow defense counsel an opportunity to research the question. At 4:16 p. m., the court reconvened and the evidentiary question was again taken up. At 4:26, the jury was returned to the courtroom, and the court instructed the prosecutor to call his next witness. The prosecutor then called Tad Puckett, and following that witness, called Gary Pullaro.

Before the completion of Mr. Pullaro's testimony, the court recessed until the next day, and called counsel into chambers. In chambers, the court summarily found the prosecutor guilty of contempt and levied a fine of $250. The court stated that the prosecutor had misled the court as to the need to call Ms. Force before any of his other witnesses, and upon reliance on such representation, the delay of approximately two and one-half hours had occurred.

In making a record for appeal, the prosecutor stated that the reason he had called Tad Puckett before Ms. Force was because Mr. Pucket had informed him, at approximately 4:00 p. m. on that day that he had to return to Alamosa to take final examinations on the next day. To accommodate the witness, the prosecutor first called Mr. Puckett and then called Mr. Pullaro because it was close to the end of the day, and as the prosecutor had previously indicated, he did not want to break up the testimony of Sue Force. The prosecutor contends that the summary action in chambers was error and that he was entitled to a hearing. We agree.

A contempt which evidences disrespect for the court or obstructs the administration of justice is a criminal contempt. *Smith v. District Court*, 150 Colo. 136, 371 P.2d 271 (1962). When the contempt occurs outside the presence of the court it is necessary that the person charged be afforded a hearing. *Losavio v. District Court*, 182 Colo. 180, 512 P.2d 266 (1973); *Harthun v. District Court*, 178 Colo. 118, 495 P.2d 539 (1972). "Where the contempt is in the immediate presence of the court, summary punishment may be inflicted without affidavit, notice, rule to show cause, or other process." *Smith, supra.*, 150 Colo. at 139–40, 371 P.2d 271. However, even if the contemptuous conduct occurs in the presence of the court, if there are circumstances which have occurred out of the presence of the court that may constitute a lawful justification for the contemptuous behavior, a hearing, conforming to the requirements of due process, is required. *See People v. Lucero*, 196 Colo. 276, 584 P.2d 1208 (1978); *Harthun, supra.*

Here, the prosecutor's representations that he needed to call Sue Force as a witness first, and his eventual calling of Mr. Puckett and Mr. Pullaro prior to Ms. Force, occurred in the presence of the court. However there were several recesses between these events, during which the record indicates that the prosecutor may have been faced with some exigent circumstances regarding his order of witnesses. These circumstances may well have bearing on a lawful justification for the contemptuous conduct, and may serve to mitigate the penalty. *People v. Lucero, supra.*

Therefore, there should have been a hearing to ascertain the basis for the prosecutor's conduct and then a determination should have been made based on all the evidence presented as to whether that conduct was contemptuous.

At the hearing, a different judge should preside. *See Harthun v. District Court, supra.*

We have considered appellant's other allegations of error and find them to be without merit.

The judgment of contempt is reversed, and the cause is remanded for a hearing consistent with this opinion.

PIERCE and RULAND, JJ., concur.