**Samuel D. MENIN, Plaintiff-Appellant,**

**v.**

**COUNTY COURT In and For the CITY AND COUNTY OF DENVER, the Honorable Edward A. Simons, One of the Judges Thereof, Defendants-Appellees.**

No. 83CA0628.

Colorado Court of Appeals, Div. III.

Sept. 6, 1984.

Rehearing Denied Oct. 11, 1984.

Certiorari Denied March 11, 1985.

Theodore A. Borrillo, Denver, for plaintiff-appellant.

Stephen H. Kaplan, City Atty., Lee G. Rallis, William B. Lucas, Asst. City Attys., for defendants-appellees.

TURSI, Judge.

Plaintiff, Samuel D. Menin, appeals from the judgment of the district court dismissing his C.R.C.P. 106(a)(4) complaint for review of a judgment of contempt entered against him by Honorable Edward A. Simons, county court judge. Defendants contest the jurisdiction of the district court to hear the complaint. We affirm.

## I

The contention of defendants that the district court is without jurisdiction to review a summary contempt judgment pursuant to C.R.C.P. 106(a)(4) is without merit. The rule is specifically applicable to review judicial actions in excess of jurisdiction or which constitute an abuse of discretion. The availability of an appeal is not conclusive as to the procedural propriety of a C.R.C.P. 106(a)(4) action. *See People ex rel. Lackey v. District Court*, 30 Colo. 123, 69 P. 597 (1902).

## II

At the time he was adjudged in contempt, plaintiff was representing a client charged with violating a municipal ordinance by allegedly striking an RTD bus driver. The record establishes that plaintiff objected to the use of rebuttal testimony by the People. In a record hearing out of the presence of the jury, plaintiff was permitted to make his arguments on the admissibility of the rebuttal testimony, and after the trial court ruled the evidence admissible, was permitted to state his objections to the ruling.

After the jury was brought back into the court room, plaintiff again attempted to voice his objections to the trial court's ruling. The judge admonished plaintiff that he had already properly preserved his objection to the court's ruling. Notwithstanding the judge's admonition, plaintiff continued to voice his objections to the ruling in front of the jury. The following conversation transpired:

"MR. MENIN: Yes, and I want the argument to show.

THE COURT: I don't want you to interrupt me again.

MR. MENIN: Your Honor, I'm defending somebody, and I'm going to defend them if I have to go to jail to do it.

THE COURT: Well, don't interrupt me, though, that's all I'm asking. Do not interrupt me again.

MR MENIN: 'Cause I'm—I'm not going to sit here and permit the prosecution to put on evidence that he knows is improper, and I'm—

THE COURT: I want to—

MR. MENIN: ... not so sure but what YOUR HONOR knows it's improper.

THE COURT: Sit down! Sit down. I want to take the jury out with their bailiff. [WHEREUPON, THE JURORS LEAVE THE COURTROOM:]

THE COURT: Mr. Menin, first, let me warn you of one thing. Now, don't interrupt me because, if you interrupt me again, I will have—I will cite you in contempt of court.

MR. MENIN: I can't help it, YOUR HONOR, I'm—

THE COURT: Now, don't interrupt me—

MR. MENIN: ... I want to make this statement—

THE COURT: ... Mr. Menin. All right, I'm citing you in contempt of court. You are cited in contempt of court."

 When an individual engages in direct criminal contempt, that is, behavior in the presence of the court which obstructs justice and offends the dignity of the court, the offending party may be adjudicated in contempt in summary fashion. C.R.C.P. 107(a, b). *See People v. Lucero,* 196 Colo. 276, 584 P.2d 1208 (1978); *People v. Ganatta,* 622 P.2d 107 (Colo.App.1980). Summary punishment for direct contempt is necessitated by the court's need to suppress disturbances and to maintain the proper functioning of the court. *Losavio v. District Court,* 182 Colo. 180, 512 P.2d 266 (1973).

Plaintiff's behavior is well preserved in the record. *Pittman v. District Court,* 149 Colo. 380, 369 P.2d 85 (1962). And, that behavior evidences direct criminal contempt of court. *See Wyatt v. People,* 17 Colo. 252, 28 P. 961 (1892); *Code of Professional Responsibility* DR 7–106(C)(6) & EC 7–36.

During the proceeding which led to the contempt, the trial judge warned plaintiff that continued misbehavior would result in a contempt citation. *People v. Ellis,* 189 Colo. 378, 540 P.2d 1082 (1975). During the summary contempt proceeding, the trial judge recited the specific instances of plaintiff's misbehavior prior to adjudging him in contempt and imposing a $250 fine. *See Handler v. Gordon,* 108 Colo. 501, 120 P.2d 205 (1941); *Lobb v. Hodges,* 641 P.2d 310 (Colo.App.1982).

We conclude that the summary procedure utilized by the trial court complied with the requirements of due process of law, *People v. Lucero, supra,* and that the trial court acted within its authority in adjudging plaintiff in contempt. *See Mainland v. People,* 111 Colo. 198, 139 P.2d 366 (1943); C.R.C.P. 107(b).

Judgment affirmed.

KELLY and METZGER, JJ., concur.