The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Thomas Jamison **ROBERTS**, Defendant,

and concerning

James Dostal, Deputy State Public Defender, Appellant.

No. 84CA0917.

Colorado Court of Appeals, Div. III.

May 22, 1986.

Rehearing Denied June 26, 1986.

Larry Pozner & Associates, P.C., Shelley Gilman, Denver, for appellant.

No appearance for plaintiff-appellee.

VAN CISE, Judge.

James Dostal, a licensed attorney, appeals a judgment finding he committed criminal contempt of court during the course of his representation of defendant, Thomas Jamison Roberts. We reverse.

In 1983, an information was filed in Larimer County district court charging defendant Roberts with felony menacing and misdemeanor theft. The trial court found Roberts incompetent to proceed and committed him to the Colorado State Hospital. Later, the hospital reported Roberts had been restored to competency.

In December, Dostal, a deputy state public defender appearing on behalf of Roberts, requested that Roberts be present at his restoration hearing. Roberts was still incarcerated and in the physical custody of the hospital. The trial court agreed, and ordered a writ to issue requiring Roberts' presence before the court. It then directed Dostal to prepare the writ and present it for signature.

Dostal suggested that, since Roberts was not on bond and was in the custody of the state, it was the obligation of the People, and not of defense counsel, to arrange to have him produced in the courtroom. The court again directed Dostal to prepare the writ for its signature. In response, Dostal stated, "We will not prepare a writ." The court then repeated its order and, on Dostal's refusal, ordered a contempt citation to issue and set the matter for hearing. Accordingly, a citation and an amended citation were issued and served, directing Dostal to show cause why he should not be held in contempt of court.

The court then directed the district attorney to prepare the writ. This was done, and the writ was signed. In early January the underlying case as to defendant Roberts was disposed of as a result of a plea bargain.

A hearing on the amended contempt citation was held in June 1984. At that hearing, after denying Dostal's motion that he recuse himself, the trial court judge held that, although Dostal had acted in good faith, Dostal's "intentional and willful" refusal to obey the court's order had affected the dignity of the court. Dostal was found guilty of criminal contempt of court and fined $250.

On appeal, Dostal contends the trial court's contempt order and fine were improper because, as stated in *Thrap v. People*, 192 Colo. 341, 558 P.2d 576 (1977), "One cannot be convicted of contempt for respectfully declining to comply with an order which is beyond the court's authority." We agree that *Thrap* is dispositive of this appeal.

■ The trial court had no authority to order Dostal to prepare the writ. It is the prosecution's function to produce an incarcerated defendant in court. *See Chavez v. District Court*, 648 P.2d 658 (Colo.1982); *People v. Murphy*, 183 Colo. 106, 515 P.2d 107 (1973).

■ Also, there was no disruption or obstruction in the administration of justice or any conduct that tended to bring the court into disrepute. *See Thrap v. People, supra.* Accordingly, the conviction for contempt is not supported and was improperly entered.

In view of our ruling on the impropriety of the conviction on the merits, we do not address Dostal's other contention.

The judgment is reversed, and the cause is remanded with directions to set aside the fine and dismiss the citations.

KELLY and METZGER, JJ., concur.