Claudia JORDAN, Petitioner-Appellee,

v.

COUNTY COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Larry Lopez-Alexander, one of the Judges thereof, Respondents-Appellants.

No. 84CA1104.

Colorado Court of Appeals,
Div. I.

June 5, 1986.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Larry Pozner & Associates, P.C., Larry S. Pozner, Shelley Gilman, Denver, for petitioner-appellee.

Bruce McMillen, P.C., Bruce McMillen, Saguache, for respondents-appellants.

BERMAN, Judge.

Respondent Larry Lopez-Alexander, a Judge of the Denver County Court during the time pertinent here, appeals the order of the district court granting petitioner, Claudia Jordan, a writ of prohibition, and vacating the order holding her in contempt. We affirm.

Respondent contends that the district court erred: (1) in denying respondent's motion to dismiss pursuant to C.R.C.P. 106; (2) in finding that there had been a plea agreement between petitioner's client and the prosecution; and (3) in failing to remand for the entry of findings.

On March 12, 1984, petitioner, an attorney, appeared in respondent's courtroom to represent a client on certain criminal charges. Prior to trial, the city attorney agreed to dismiss two of the charges if petitioner's client would plead guilty to the charge of giving false information. He further agreed to recommend that petitioner's client receive a "credit for time served," for the thirty-eight days she had already spent in jail awaiting trial on the charges at issue.

When the case was called, petitioner informed the court of the agreement, and it was then submitted by both parties to the court for its acceptance or rejection. The court dismissed two of the charges; however, the court imposed the maximum sentence for the crime charged, a period well in excess of the period already served.

Petitioner informed the court that, since the court had chosen not to impose the sentence recommended by the prosecutor under the plea agreement, her client desired to withdraw her guilty plea. Respondent stated that he "could care less," and refused to allow the plea to be withdrawn.

Petitioner requested the court to set a hearing on a motion for reconsideration of sentence. Respondent stated that he planned on doing "something else until counsel had jumped to conclusions." Petitioner explained that the plea was part of a negotiated agreement; however, respondent told her that a plea agreement did not bind the court on sentencing.

The court told petitioner that her "attitude" in the last three weeks had been "marvelously inept." Petitioner asked if that allowed her "an opportunity to comment on the court's attitude," and when respondent said, "No," petitioner refrained from comment.

Thereafter, petitioner commenced a statement on behalf of her client. Respondent interjected and told petitioner to listen and if she "opened her mouth one more time before I finish," she would be in contempt and would be jailed. When respondent was finished speaking, petitioner stated, "Excuse me, Your Honor." Respondent immediately ordered her jailed for thirty days. Petitioner sought a writ of prohibition pursuant to C.R.C.P. 106, which was granted. The district court also dismissed petitioner's contempt charge, and this appeal ensued.

## I.

Respondent contends that the trial court erred in denying his motion to dismiss the C.R.C.P. 106 action, arguing that such proceedings do not apply to direct criminal contempt. We disagree.

Petitioner sought relief under C.R.C.P. 106(a)(4), which provides that a district court may grant relief:

"Where an inferior tribunal ... has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy."

The function of proceedings under this rule is to review the action of an inferior tribunal which, as here, has allegedly exceeded its jurisdiction or abused its discretion. *Kornfeld v. Perl Mack Liquors, Inc.*, 193 Colo. 442, 567. P.2d 383 (1977).

Furthermore, the availability of an appeal is not conclusive as to the propriety of a C.R.C.P. 106(a)(4) action. *Menin v. County Court*, 697 P.2d 398 (Colo.App. 1984). Finally, a writ of prohibition has long been acknowledged as a proper method of challenging a lower court's contempt order. *See Losavio v. District Court*, 182 Colo. 180, 512 P.2d 266 (1973).

## II.

Respondent next contends that the district court erred in finding that there had been a plea agreement between petitioner's client and the prosecution as to sentencing. We disagree.

Here, respondent's own statements during the verbal exchange leading to the contempt order demonstrate his awareness of the existence of a plea agreement between petitioner's client and the prosecution. Accordingly, that finding, being supported by the record, is binding on review. *See Johnson v. Smith*, 675 P.2d 307 (Colo.1984).

The existence of a plea agreement by petitioner's client leads to the further conclusion that petitioner's actions did not constitute contempt.

"The arguments of a lawyer in presenting his client's case strenuously and persistently cannot amount to a contempt of court so long as the lawyer does not in some way create an obstruction which blocks the judge in the performance of his judicial duty." *In re McConnell*, 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962).

The judge's power to protect himself from actual obstruction in the courtroom must be weighed against the public interest inherent in permitting attorneys to make honest good faith efforts to represent their client's case. *See In re McConnell, supra. See also Thrap v. People*, 192 Colo. 341, 558 P.2d 576 (1977).

Here, petitioner's client had the right to withdraw her guilty plea when respondent declined to follow the terms of the plea agreement, *see People v. Wright*, 194 Colo. 448, 573 P.2d 551 (1978), and petitioner was entitled, indeed was obligated, to advocate that right on behalf of her client. *See* Code of Professional Responsibility Canon 7; *see also* Code of Judicial Conduct Canon 3(A)(4). Petitioner's conduct did not create an obstruction which hindered respondent in the performance of his judicial duty.

## III.

There is no merit to respondent's final contention that the trial court should have remanded the case for the entry of findings. Since the facts leading to the contempt order are clearly stated in the record, no findings are necessary.

The judgment granting the writ of prohibition and vacating the contempt order is affirmed.

PIERCE and TURSI, JJ., concur.