The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Charles Elliot BRACK, Defendant–Appellant.

No. 90CA1682.

Colorado Court of Appeals, Div. II.

Nov. 21, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Charles Elliot Brack, pro se.

Opinion by Judge JONES.

Defendant, Charles Elliot Brack, appeals from the trial court's order denying his request that he be transferred to another state to serve his 20–year sentence. We affirm.

Defendant was initially charged with second degree burglary, possession of burglary tools, and four habitual criminal counts. Pursuant to a plea agreement, he entered a guilty plea to the second degree burglary charge, and the remaining charges were dismissed. The court then sentenced the defendant to a 20–year term of incarceration and scheduled a subsequent hearing to determine the place of his confinement. This delay in issuing a sentencing order was the result of defendant's expressed concerns that his life would be in danger if he were confined in a Colorado facility because he had testified against a prominent Colorado organized crime figure.

At the hearing to determine defendant's place of confinement, the court heard testimony about the need for defendant to be placed in a protective custody environment. Defense counsel requested that the court make a recommendation that defendant be confined in another state. The court agreed to defense counsel's request and, in the mittimus, recommended that defendant be housed in the State of Washington.

Eight months later defendant was returned to Colorado because it was believed he was needed as a witness in another case. Defendant was not subsequently returned to Washington, but was, instead, notified

that he would serve the remainder of his sentence in a Colorado facility, necessitated by the State of Washington's termination of a prisoner housing contract between it and Colorado which had previously allowed defendant to be transferred.

Defendant requested that the court enforce the terms of the mittimus as to his place of incarceration. Following a hearing, the request was denied, and defendant was ordered to continue serving his sentence in Canon City.

I.

■ Defendant contends that the court erred in determining it had no jurisdiction to enter an order directing his confinement in an out-of-state prison facility. We find no error.

Section 16–11–301(1), C.R.S. (1986 Repl. Vol. 8A) provides:

> As a general rule, imprisonment for the conviction of a felony by an adult offender shall be served by confinement in an appropriate facility as determined by the executive director of the department of corrections. In such cases, the court will sentence the offender to the custody of the executive director of the department of corrections.

Similarly, § 17–40–103, C.R.S. (1986 Repl. Vol. 8A) directs the executive director to determine the appropriate facility for placement of every inmate after an initial evaluation at the diagnostic center has been performed.

The plain language of these statutes evidences the General Assembly's intent to give the executive director of the Department of Corrections ultimate responsibility for the placement of inmates in particular facilities. There are no provisions in the statutes which give the courts authority to order a defendant's placement in a particular facility, whether it be in Colorado or in another state.

■ A court is not free to disregard statutory mandates even when they appear to dictate a sentence which the court considers inappropriate to a particular case. *People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo.1981). Hence, as the court recognized here, it could do no more than *recommend* out-of-state placement for the defendant because it was without jurisdiction to order the defendant's transfer.

■ Defendant maintains, however, that the Western Interstate Corrections Compact, § 24–60–801, et seq., C.R.S. (1988 Repl.Vol. 10B), gives courts the authority to direct inmate placement. We disagree.

The agreement does not specifically give the courts authority to order out-of-state placement, but rather directs that an appropriate state official determine which inmates would benefit from transfer to another state. In Colorado, our statutes provide that the executive director of the Department of Corrections is the appropriate official to enter into agreements with other states for the housing of offenders sentenced in this state. *See* § 17–1–105(1)(f), C.R.S. (1991 Cum.Supp.).

However, such agreements may not violate the express intent of the General Assembly as to its allocation of responsibilities among the three branches of government. Accordingly, pursuant to statutory law, the executive director of the Department of Corrections, and not the courts, has the authority to make decisions with respect to the agreement and carry out the terms of the compact. Defendant's reliance on *People v. Scott,* 630 P.2d 615 (Colo.1981) is, therefore, misplaced.

■ The record reveals that the defendant was confined in Washington not pursuant to the compact, but rather as a result of a separate contract between the two states to alleviate prison overcrowding problems. When this contract was terminated, defendant was given the opportunity to transfer to another state under the terms of the compact provided that he make financial arrangements for the transfer. Upon defendant's refusal to pay for his transfer, it was determined by the Department of Corrections that he would remain in protective custody in a Colorado facility for the duration of his sentence.

This determination was appropriately made by the Department of Corrections.

Section 16–11–301(1), C.R.S. (1986 Repl.Vol. 8A). The court expressed satisfaction that the defendant will be adequately protected, and the record supports this finding. Therefore, we find no error in the court's denial of defendant's request for transfer.

## II.

 Defendant also contends that the language in the mittimus with respect to the place of his confinement was a court order upon which he relied to enter his plea and which must now be enforced. We disagree.

The record belies defendant's claim that his guilty plea was based on the understanding that he would be confined in another state. The record also demonstrates that, although the court attempted to ensure defendant's safety by recommending out-of-state placement, it did not intend to enter an order requiring confinement in another state.

Defendant appeared before the trial court on four separate occasions before the mittimus was issued. At each of the hearings the court noted in clear and unequivocal language the limitations on its sentencing authority. At defendant's first hearing, the court properly informed him that, although it would recommend transfer to another state, it was only empowered to sentence him to the Colorado Department of Corrections. At the same hearing, defense counsel acknowledged the court's sentencing limitations and expressed gratitude to the court for explaining to defendant that it could do no more than make a recommendation for out-of-state confinement. Thus, from the very first hearing defendant was on notice as to the statutory limits imposed on the court.

In each of the subsequent hearings, the limitations on the court's sentencing authority was reiterated by both the court and defense counsel. The court did not indicate that it had the authority to order out-of-state confinement, and defendant did not petition to withdraw his guilty plea. We, therefore, find no merit in defendant's claims that a promise for confinement in another state was a basis for the entry of his plea, that the mittimus was ambiguous, or that he had a basis to believe the court intended to order his out-of-state placement when preparing the mittimus.

The order is affirmed.

TURSI and ROTHENBERG, JJ., concur.