T.J. WHITE, Petitioner–Appellee,

v.

DEPARTMENT OF INSTITUTIONS, STATE OF COLORADO, Respondent–Appellant.

No. 93CA2021.

Colorado Court of Appeals, Div. II.

Aug. 11, 1994.

Rehearing Denied Sept. 15, 1994.

Gerash, Robinson & Miranda, P.C., Scott H. Robinson, Denver, for petitioner-appellee.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas S. Parchman, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge MARQUEZ.

Respondent, the Department of Institutions (DOI), appeals the preliminary injunction issued by the trial court prohibiting DOI from transferring petitioner, T.J. White, from DOI to the Department of Corrections (DOC). We vacate the injunction.

As part of a plea bargain pertaining to his part in the murder of a state patrolman, petitioner, 15 years old at the time of the offense, pled guilty to charges of aggravated motor vehicle theft and accessory to crime in exchange for dismissal of a murder charge. The disposition included an express agreement by the district attorney that the prosecution would not object to petitioner's being incarcerated in a DOI facility until he reached the age of eighteen, with reconsideration of his sentence to occur at or before his eighteenth birthday. Following his guilty plea, petitioner was housed at the Mount View Detention Center, a facility operated by DOI.

A sentencing hearing was held in June 1993 in Clear Creek County District Court (sentencing court). While the sentencing court imposed two consecutive sixteen-year sentences to DOC, it ordered that petitioner be placed in a DOI facility. The mittimus likewise ordered petitioner's placement at a DOI facility until he became eighteen.

After imposition of this sentence, petitioner was returned to Mount View where he continued to be incarcerated. On September 13, 1993, DOI sent a letter to the sentencing court urging it to "reconsider" the sentence imposed. A second letter sent two days later stated: "In order to assist the court in addressing the legal issues raised in our September 13, 1993 letter, DOI will *not* transfer [petitioner] as scheduled on September 16, 1993." (original emphasis)

Subsequently, however, petitioner became concerned that he would be moved to a DOC facility on October 6, 1993. As a result, on October 5, 1993, petitioner filed a "Motion for Temporary Restraining Order" in Denver District Court. The court granted the request and limited the temporary restraining order to ten days.

Petitioner thereafter filed a "Motion to Extend Temporary Restraining Order and to Set Hearing on a Preliminary Injunction." This motion was also filed in Denver District Court. Since there were no relevant undisputed facts, the Denver court issued a preliminary injunction order at the conclusion of this second hearing on October 15, 1993. The court entered a written order on October 25, 1993.

On appeal, DOI argues that the Denver court lacked jurisdiction to enter an injunction. We agree.

A court has jurisdiction from the filing of the complaint or the service of summons and complaint. C.R.C.P. 3(b).

DOI filed a notice of appeal on November 29, 1993. On December 22, 1993, DOI filed a motion to dismiss in the Denver court. DOI argued, *inter alia,* that because petitioner had failed to file a complaint, the Denver court lacked jurisdiction. On February 3, 1994, the Denver court entered an order stating: "The [DOI's] Motion to Dismiss is denied. The petitioner should file a complaint in 30 days." The record does not disclose whether petitioner ever filed a complaint pursuant to this order. In either case, the issue remains whether the Denver court had jurisdiction when it issued the injunction, not at some point later in time. *See Gutierrez v. District Court,* 183 Colo. 264, 516 P.2d 647 (1973).

In *Gutierrez,* a wife obtained an *ex parte* restraining order in Wyoming against her husband and then appeared *ex parte* before the Colorado district court requesting an order granting full faith and credit to the *ex parte* Wyoming order. The Colorado court granted the order. The husband's motion to vacate the order was denied and he was subsequently held in contempt. Our supreme court held that the trial court lacked jurisdiction where no complaint had been filed and no summons had been served prior to the entry of the trial court's order. While a petition for custody was filed six days after the initial order and subsequent to the contempt order, the supreme court nevertheless ruled that the trial court had no jurisdiction at the time it issued its order.

Because the issue of lack of jurisdiction over the subject matter can properly be raised for the first time in this appeal, *see Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986), we turn to the merits of DOI's argument.

Here, because no complaint was filed and there was no service of a summons and complaint prior to the Denver court's issuance of the injunction, we conclude that the Denver court lacked jurisdiction to proceed. *See Gutierrez v. District Court, supra; P.K. Family Restaurant v. IRS,* 535 F.Supp. 1223 (D.C.Ohio 1982) (absent a complaint, under Fed.R.Civ.P. 3, the district court lacked jurisdiction to entertain taxpayer's petition for injunctive relief).

Because of our disposition of this issue, we need not address DOI's other contentions.

The injunction is vacated.

CRISWELL and TAUBMAN, JJ., concur.