Thomas "T.J." WHITE, Jr.,
Petitioner–Appellee,

v.

F. Jerald ADAMEK, Director of the Division of Youth Services, Colorado Department of Human Services, f/k/a Department of Institutions, Respondents–Appellants.

No. 94CA2198.

Colorado Court of Appeals,
Div. IV.

Oct. 26, 1995.

Gerash, Robinson & Miranda, P.C., Scott H. Robinson, Denver, for Petitioner–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Thomas S. Parchman, Assistant Attorney General, Denver, for Respondents–Appellants.

Opinion by Judge KAPELKE.

In this contempt proceeding, the respondent F. Jerald Adamek, director of the Colorado Division of Youth Services, appeals from the contempt order entered against him for violating the trial court's sentencing order regarding placement of petitioner, Thomas "T.J." White. We vacate the order.

Although he was a juvenile, White was charged as an adult with the felony counts of aggravated motor vehicle theft and accessory to crime for his role in connection with the murder of a state patrol officer. In accordance with a plea bargain agreement, White entered guilty pleas to the charges.

The trial court sentenced White to thirty-two years in the Department of Corrections and required that he be placed at the Department of Institutions (DOI), now known as the Department of Human Services, until the age of 18 and that he be placed in a therapeutic program within DOI. The court noted a lack of such programs for juveniles within the DOC. Pursuant to the terms of the court's sentence, White was initially placed in a DOI facility.

White agreed to testify at the trial of his co-defendant, and the DOI agreed to hold defendant at one of its facilities until the conclusion of the trial. When DOI subsequently attempted to transfer defendant to DOC, White obtained a preliminary injunction in Denver District Court prohibiting his transfer. After a division of this court vacated the preliminary injunction as being beyond the trial court's jurisdiction because a complaint had not been filed, *White v. Department of Institutions*, 883 P.2d 575 (Colo. App.1994) (not selected for official publication), White was moved from the DOI facility to the diagnostic unit of the DOC upon the order of Adamek, who contended that the court's order specifying placement with DOI was unlawful. Defendant was transferred

back to DOI a few hours later pursuant to a court order finding that the preliminary injunction was still valid because a mandate dissolving the injunction had not issued.

Defendant then filed a complaint seeking a permanent injunction to prevent DOI from transferring him to DOC until he reached the age of eighteen. By stipulation, venue was transferred from the Denver District Court to the Clear Creek County District Court, and a hearing was held before the original sentencing court.

In the course of the hearing on the motion for preliminary injunction, contempt proceedings were initiated against Adamek. Following the hearing, the trial court entered an order finding Adamek in civil contempt for willfully and intentionally violating a lawful court order by having moved White from DOI to DOC.

## I.

■ As an initial matter, we must address whether the case is moot because White has recently turned 18 and was to be transferred to DOC pursuant to the court's sentencing order. Both parties assert that the case is not moot. We agree.

■ A matter is moot when a judgment will have no practical legal effect upon an existing controversy. *In re Marriage of Hartley,* 886 P.2d 665 (Colo.1994).

Here, even though, by the terms of the court's contempt order, Adamek no longer faces the possibility of a fine or incarceration, the finding of contempt itself imposes a continuing stigma and can lead to adverse consequences for him. Accordingly, we conclude that the case is not moot. *See People v. Amaya,* 42 Colo.App. 295, 592 P.2d 1359 (1979).

## II.

■ Adamek argues that a trial court cannot place in a DOI facility a defendant who has been sentenced to the DOC as an adult and that the order therefore exceeded the trial court's jurisdiction, was void, and cannot support a finding of contempt. We agree.

■ Any person who resists or interferes with any *lawful* writ, process, order, rule, decree, or command of a court can be held in contempt. C.R.C.P. 107. However, only an order issued within a court's authority can support a finding and order of contempt. *Thrap v. People,* 192 Colo. 341, 558 P.2d 576 (1977).

### A.

The law in effect at the time defendant was sentenced, § 19–2–805(2), C.R.S. (1992 Cum. Supp.), gave a district court the power to impose an adult sentence on a juvenile charged and convicted as an adult or to commit the juvenile pursuant to the provisions of the Children's Code. A juvenile adjudicated delinquent under the Children's Code was to be committed to the DOI as a juvenile, while a juvenile charged and convicted as an adult was to be sentenced to the DOC for a term of imprisonment authorized for adults. *Rocha v. People,* 713 P.2d 350 (Colo.1986).

Here, the trial court expressly acknowledged defendant's status as an adult for purposes of the criminal justice system. Therefore, defendant's placement had to comply with the procedures applicable to adult felony offenders.

■ The sentencing provision for adult felony offenders, § 16–11–301(1), C.R.S. (1986 Repl.Vol. 8A), requires that imprisonment for the conviction of a felony by an adult offender shall be served by confinement in an appropriate facility as determined by the executive director of the DOC. In order to effectuate proper placement, this statute requires that the sentencing court sentence an adult felony offender to the custody of the executive director of the DOC, who has ultimate responsibility for placing offenders in appropriate facilities. *People v. Brack,* 821 P.2d 928 (Colo.App.1991) (sentencing courts cannot order placement of felony offenders).

The executive director must determine which place of confinement or rehabilitation program will result in the maximum rehabilitation of the offender. Section 16–11–308, C.R.S. (1986 Repl.Vol. 8A).

We agree with the trial court that, in fashioning a sentence, the court must consider the rehabilitative needs of the defendant. However, although a court has broad discretion in this regard, the sentence must be consistent with legislatively imposed limits and constraints, and a court must comply with legislative mandates even if they appear to dictate a sentence that the court considers inappropriate. *People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo.1981).

The General Assembly has granted the executive director of the DOC the sole authority to determine the appropriate placement of a felony offender. Therefore, the trial court did not have authority under the Criminal Code, which applied to defendant based on his plea and conviction as an adult, to order defendant's placement with DOI. *People v. Brack, supra; see also Kort v. Hufnagel,* 729 P.2d 370 (Colo.1986) (courts do not have jurisdiction to interfere with the executive branch in performance of its duties and cannot order specific placement of offender).

### B.

The trial court determined that it could place defendant in a DOI facility based on its inherent power to place juveniles in appropriate facilities. White takes up this strand on appeal, arguing that the court had the implied power to place him in an appropriate setting. We conclude that the trial court's inherent powers do not include the authority to order that individuals sentenced as adults be placed with DOI.

The courts' inherent powers consist of:

all powers reasonably required to enable a court to perform efficiently its judicial functions, to protect its dignity, independence, and integrity, and to make its lawful actions effective.

*Pena v. District Court of Second Jud.Dist.,* 681 P.2d 953, 956 (Colo.1984).

The doctrine of separation of powers, however, operates to prohibit a court from exercising its inherent powers in a manner that would preempt an executive agency from "exercising powers properly within its own sphere." *Kort v. Hufnagel, supra,* 729

P.2d at 371. *See also McDonnell v. Juvenile Court,* 864 P.2d 565 (Colo.1993).

The authority to determine the appropriate rehabilitative setting for adult felony offenders is vested by statute in the executive director of the DOC, rather than in the judiciary. Therefore, the trial court's order placing defendant with DOI exceeded the scope of the court's inherent powers.

### III.

#### A.

White argues that the failure of Adamek or DOI to file a timely appeal of White's sentencing order precludes Adamek's claim that the sentence was illegal. We disagree.

As Adamek points out, in *People v. Ham,* 734 P.2d 623 (Colo.1987), the supreme court held that, in the absence of truly exceptional circumstances, third parties cannot intervene in criminal prosecutions. Thus, neither Adamek nor DOI could have challenged or appealed the court's sentence in the criminal proceeding itself. Therefore, Adamek is not barred in this appeal from asserting the invalidity of White's sentencing order.

#### B.

Finally, White relies on *Rocha v. People, supra,* as precedent for the trial court's order "splitting" his placement between DOI and DOC. However, his reliance on this case is misplaced.

In *Rocha v. People, supra,* the issue before the supreme court was whether the trial court had abused its discretion in sentencing a fifteen-year-old defendant to the DOC for a term of twelve years. In a footnote, upon which defendant relies, the court noted that the youth was sentenced to the DOC and was subsequently transferred to an adolescent treatment center with the consent of the DOI, although legal custody of the youth remained with the DOC.

Contrary to White's argument, this case does not stand for the proposition that a trial court can order that a defendant sentenced as an adult to the DOC be placed with DOI. In that case, the DOC had initial custody of

the youth prior to his transfer, and it was the DOC, not the trial court, that had determined the appropriate rehabilitative setting.

We conclude that the trial court was without jurisdiction to specify that defendant be placed with DOI. Therefore, that part of the sentencing order requiring immediate placement of White in a DOI facility was not a lawful order, and Adamek's violation of that order cannot support the contempt finding entered by the trial court.

The contempt order is therefore vacated.

NEY and TAUBMAN, JJ., concur.