In re the MARRIAGE of Marylyn Dolan JOSEPH, Appellee,

**and**

George Joseph, Jr., Appellant.

No. 79CA0216.

Colorado Court of Appeals, Div. I.

March 20, 1980.

Rehearing Denied April 17, 1980.

Holme Roberts & Owen, Edmond F. Noel, Jr., Denver, for appellee.

Constantine & Prochnow, P. C., Thomas J. Constantine, Englewood, David S. Williamson, Boulder, for appellant.

COYTE, Judge.

In this divorce action, the trial court sentenced husband to 5 days in jail for punitive contempt of court and to 30 days in jail for remedial contempt of court. Husband appeals both contempt judgments, and we affirm.

The dissolution of marriage decree of the parties provided that husband pay maintenance to wife and that husband have reasonable visitation rights with the parties' four children, whose custody was awarded to the wife, but that these rights be exercised only with consent of wife.

Wife filed a contempt citation against husband alleging that he carried on visitation with two of the children for ten days without her consent and that he failed and refused to pay maintenance to her for a period of time. The citation directed husband: "to show cause, if any he may have, why he should not be punished for contempt, for neglect and refusal to comply with the order of court heretofore entered herein, and that, to vindicate the dignity of the court, a fine or imprisonment may be imposed on him. . . ."

After a hearing, the trial court found that husband's failure to perform his obligation to pay maintenance as required by the court's order was voluntary and deliberate. These findings of the trial court are supported by the record and are thus binding on us on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

For this failure to pay support, husband was sentenced to 30 days in jail with the sentence to be suspended if he paid the amount due. He thereafter paid the amount due and therefore no longer is facing a jail sentence for that contempt.

The court found that husband had taken the two youngest children on a trip from August 11 to August 21 without the consent of the mother and without advising her that he had the children or where he had taken them. The court stated:

"It is crystal clear in this court's mind, you were going to take those children, did take those children, and were determined that you were going to bring them back when, as, and if you pleased and you didn't really care what the order of Court said."

Relative to its punitive contempt ruling, the trial court found that husband had acted so as to flaunt the dignity of the court, and the court then stated that: "The reason for the punitive finding or punitive order of the court was to vindicate the dignity of this court and I think that vindication is long overdue in this case."

Husband contends that the trial court did not have subject matter jurisdiction to impose a jail term for punitive contempt without first finding that "husband's conduct was offensive to the authority and dignity of the court." We disagree. The language above quoted is sufficient to comply with the requirements of C.R.C.P. 107, and *Marshall v. Marshall*, 35 Colo.App. 442, 536 P.2d 845 (1975), *rev'd in part, on other grounds*, 191 Colo. 165, 551 P.2d 709 (1976).

Husband contends that a jail sentence would be extremely detrimental to his mental and physical health. However, the trial court, on supporting evidence, found that

there were sufficient medical facilities and attendants in the county jail so that husband could be cared for during his incarceration, and that his period of incarceration could be fitted into his regular check-up schedule with his own doctor.

■ The record reveals a husband who is constantly having to be forced by judicial process to comply with the orders of the trial court. Here, the findings of the trial court, all factual in nature and supported by the evidence, reveal no merit to this appeal. Accordingly, we conclude, pursuant to C.A.R. 38, that damages are awardable against husband. *See In Re Marriage of Trask*, 40 Colo.App. 556, 580 P.2d 825 (1978).

The judgments of contempt are affirmed, and the cause is remanded with directions to the trial court to enter judgment in favor of the wife for damages because of the frivolous appeal in the amount of $1500. Also, pursuant to C.A.R. 38, double costs of this appeal are awarded against husband.

SMITH and KELLY, JJ., concur.