J. D. LOBB, Plaintiff-Appellee,

v.

Kent HODGES, Defendant-Appellant.

No. 81CA0545.

Colorado Court of Appeals,
Div. III.

Feb. 4, 1982.

No appearance for plaintiff-appellee.

Daniel F. Boyle, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Kent Hodges, appeals from the trial court's judgment holding him in contempt for failure to appear and sentencing him to five days in jail. We reverse and remand for further findings.

Defendant was ordered to appear on December 18, 1980 pursuant to C.R.C.P. 69 and failed to do so. A contempt citation was issued against defendant ordering him to appear on March 19, 1981, to show cause why he should not be punished for contempt, and notifying him that a fine or

imprisonment might be imposed to vindicate the dignity of the court. Defendant again did not appear and a bench warrant was issued for his arrest. Defendant was arrested and brought before the court.

At a hearing on May 7, 1981, defendant testified that although he had received the court's orders he did not intentionally disobey them. He had been undergoing financial troubles resulting in several lawsuits and had been forwarding all legal documents to his attorney. His attorney was preparing to file a bankruptcy for him, and he was under the impression that the bankruptcy stayed all pending proceedings and that no court appearances were necessary.

The court found that defendant's failure to appear in answer to the contempt citation was deliberate and that he was therefore in contempt of court. Neither the court's oral findings, nor the written judgment of conviction, sentence, and mittimus referred to defendant's conduct as being offensive to the authority and dignity of the court.

■ In order for a court to enter a punitive order for contempt, it must, on supporting evidence, find that the alleged contemner's conduct constitutes misbehavior *and* that such conduct is offensive to the authority and dignity of the court. *Marshall v. Marshall*, 35 Colo.App. 442, 536 P.2d 845 (1975), *rev'd in part, on other grounds, Marshall v. Marshall*, 191 Colo. 165, 551 P.2d 709 (1976). Although a trial court need not make a finding in the exact language of C.R.C.P. 107(d), *i.e.*, "to vindicate the dignity of the court," nevertheless, the language used must be sufficient to comply with the rule. *In re Marriage of Joseph*, Colo.App., 613 P.2d 344 (1980).

■ A court before imposing penal sanctions for contempt should proceed with caution and deliberation. The power should be exercised only when necessary to prevent obstruction or interference with the administration of justice. *Murley v. Murley*, 124 Colo. 581, 239 P.2d 706 (1951).

■ Although there is no fixed procedural formula for contempt proceedings,

*Austin v. Denver*, 156 Colo. 180, 397 P.2d 743 (1964), the requirement that there be an explicit finding by the trial court that the contemner's conduct offends the dignity of the court is grounded in constitutional principles. "Any legal proceeding, in which an individual may be imprisoned, ... or deprived of his property in a penal sense, ... should be treated as a criminal prosecution as contemplated by the sixth amendment." Goldfarb, *The Constitution & Contempt of Court*, 61 *Mich.L.Rev.* 283 at 339 (1962). Because an alleged contemner's liberty and property are at risk, the added precaution of the specific finding of offense to the dignity of the court is required.

■ The trial court in this case made none of the requisite findings. Further, the trial court made no findings of fact as to whether the defendant was acting in good faith and with honest intent, which matters, if present, are guides to be used in exercising its discretion to punish. *Murley v. Murley, supra; Hughes v. People*, 5 Colo. 436 (1880). Accordingly, since the requisite findings are not in the record, the contempt order may not stand.

The judgment of the trial court is reversed and the order sentencing defendant to jail is vacated. The cause is remanded with directions to review and weigh the evidence presented at the previous hearing and to either dismiss the proceedings or enter judgment supported by appropriate findings.

STERNBERG and KIRSHBAUM, JJ., concur.