**Virginia PADILLA, also known as Virginia Quintana, Plaintiff-Appellee,**

v.

**Harold PADILLA, Defendant-Appellant.**

No. 80CA0112.

Colorado Court of Appeals, Div. II.

April 29, 1982.

Max P. Zall, City Atty., Frank A. Elzi, Carol A. Polevoy, Robert A. Powell, Asst. City Attys., Denver, for plaintiff-appellee.

Lozow & Lozow, Jon P. Lozow, Charles W. Elliott, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Harold Padilla, appeals from an order of the district court finding him in punitive contempt of the court, sentencing him to 20 days imprisonment, and ordering him to pay $75 per month in child support. We reverse and remand for a new hearing.

A contempt citation was issued by the district court against the defendant for failure to comply with the court's order regarding child support payments. At the hearing, the first matter considered by the district court was whether the defendant would proceed *pro se*. The inquiry into waiver of counsel consisted solely of the following interchange:

> "[THE COURT]: Mr. Padilla, first of all, is it your desire to be represented by counsel in this matter?
>
> MR. PADILLA: I went to the legal aid and they stated that I should just come here and present the information that I have to the Court.
>
> THE COURT: Another public service on the part of legal aid.
>
> Well, do you wish to proceed without counsel at this time?
>
> MR. PADILLA: Might as well, yes.
>
> THE COURT: All right."

Although it is settled law that in a civil case by a private party involving only property interests, a defendant is not entitled to appointed counsel, *McCue v. McCue*, Colo. App., 645 P.2d 854 (1982), the situation here is different. In an ordinary civil suit, a defendant is only subject to a money judgment, not imprisonment. To the contrary, in this contempt proceeding, the threat of imprisonment is always present. "Deprivation of liberty has the same effect on the confined person regardless of whether the proceeding is civil or criminal in nature." *U. S. v. Anderson*, 553 F.2d 1154 (8th Cir. 1977).

■ Consequently, " '[a]ny legal proceeding, in which an individual may be imprisoned ... should be treated as a criminal prosecution as contemplated by the sixth amendment.' " *Lobb v. Hodges*, Colo.App., 641 P.2d 310 (1982) (quoting Goldfarb, *The Constitution and Contempt of Court*, 61 Mich.L.Rev. 283 (1962)). *See also P. R. v. District Court*, Colo., 637 P.2d 346 (1981). This includes the right to counsel which "must be extended to all contempt proceedings, whether labeled civil or criminal, which result in the imprisonment of the witness", *People v. Lucero*, 196 Colo. 276, 584 P.2d 1208 (1978), and to court-appointed counsel if the defendant is indigent. *U. S. v. Anderson, supra*. *See* Crim.P. 44 and *Allen v. People*, 157 Colo. 582, 404 P.2d 266 (1965) for guidelines.

■ Once it is established that a defendant has a right to counsel or, if indigent, to appointed counsel, the court must establish that any waiver of that constitutional right is made knowingly and intelligently. *Reliford v. People*, 195 Colo. 549, 579 P.2d 1145 (1978). "Every reasonable presumption against waiver of fundamental constitutional rights must be indulged." *Sweet v. Myers*, Colo., 612 P.2d 75 (1980).

■ Here, the record does not disclose sufficient evidence to demonstrate a waiver of the constitutional right to counsel by the defendant. The district court did not advise the defendant of his right to counsel or, if indigent, to appointed counsel, nor did it ascertain whether the defendant had a complete understanding of the charges involved or the penalties which could be imposed. *Cf. Martinez v. People*, 172 Colo. 82, 470 P.2d 26 (1970); *U. S. v. Ramsdell*, 458 F.2d 161 (10th Cir. 1972).

Before a defendant is permitted to proceed *pro se*, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Reliford v. People, supra*. Here, the record is devoid of any

attempt by the trial court to inform the defendant of the pitfalls of proceeding without counsel.

In contrast, when the defendant himself became cognizant of his own ineptness and need for legal advice, it was ignored by the trial court as illustrated by the following exchange:

"THE COURT: Do you want to call any witnesses on your behalf, Mr. Padilla?

MR. PADILLA: Well, I think I should get all the paperwork and everything together. I should get ahold [sic] of the social worker and the legal aid and get all records together on this matter as there seems to be things that are contradictory to each other."

The court did not consider this a request for a continuance or a need for assistance of counsel. The proceedings then continued without any aid or assistance and the defendant was sentenced to 20 days imprisonment. Under these circumstances, we conclude the defendant's constitutional rights were not adequately safeguarded and he was denied due process of law.

The defendant further contends that the trial court abused its discretion when, seemingly, on the facts of this case, it ordered the defendant to pay another $75 per month child support in addition to $75 per month child support ordered effective November 30, 1976. The appellee, however, contends that the court did not enter a new support order of $75 per month but merely confirmed the existing order. Inasmuch as we are reversing and remanding this case for a new hearing, we need not address this issue. For the purposes of this opinion, only the previous order of November 30, 1976, of $75 per month support is still in effect.

The orders are reversed and the cause is remanded for further proceedings in conformity with the views expressed herein.

VAN CISE and KELLY, JJ., concur.