The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

William Robert ZAMORA, Defendant,

and

Anthony Ullibari, Witness-Appellant.

No. 82CA0560.

Colorado Court of Appeals, Div. III.

March 10, 1983.

Rehearing Denied April 21, 1983.

---

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John E. Popovich, Jr., Denver, for witness-appellant.

KELLY, Judge.

A one-year sentence for contempt was imposed on Anthony Ullibari for his refusal to testify in the prosecution of William Robert Zamora. Ullibari contends that there was insufficient evidence to support the judgment. He further argues that the one-year sentence was impermissible because no opportunity for a jury trial was given. We affirm the finding of contempt, vacate the sentence and remand the case to the trial court for resentencing not in excess of six months.

Ullibari's argument that the trial court's findings were insufficient under C.R.C.P. 107(b) to support the judgment for contempt is without merit. The trial court's specific findings that Ullibari's refusal to testify constituted offensive conduct amounting to an obstruction of justice, and that this behavior was not excused by his fear of retribution from other penitentiary inmates, satisfied the requirements of C.R.C.P. 107(b). *See Board of Water Works v. Pueblo Water Works Employees Local 1045,* 196 Colo. 308, 586 P.2d 18 (1978); *Lobb v. Hodges,* 641 P.2d 310 (Colo.App. 1982). However, confinement for contempt for longer than six months is constitutionally impermissible unless the person has been given the opportunity for a jury trial. *Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *see also Padilla v. Padilla,* 645 P.2d 1327 (Colo.App.1982).

As the record is devoid of evidence that Ullibari waived a jury trial in this contempt action, *see Rice v. People,* 193 Colo. 270, 565 P.2d 940 (1977), we conclude that the trial court was without authority to impose the one-year sentence.

Accordingly, the judgment finding Ullibari in contempt is affirmed. The sentence is vacated and the cause is remanded to the trial court with directions to resentence not in excess of six months.

VAN CISE and KIRSHBAUM, JJ., concur.