**STATE of Missouri, ex rel. COUNTY OF LINCOLN, Appellant,**

v.

**Lee R. ELLIOTT, Respondent.**

**No. 50543.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 17, 1986.

As amended July 8 and Aug. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1986.

Edward J. Grewach, David M. Minnick, Pros. Atty., Troy, for appellant.

Lee R. Elliott, Troy, for respondent.

REINHARD, Judge.

Appellant appeals from an order granting respondent's motion to quash garnishment and disqualifying the prosecuting attorney. Affirmed in part; reversed in part.

Respondent represented a defendant who was to appear for sentencing on June 20, 1985, before the Judge of Division 4 of the Circuit Court of Lincoln County. Respondent did not appear on that date and the court entered the following order:

> Now on this 20th day of June, 1985, the Court takes up for consideration the fail-

ure of Lee R. Elliott to appear for sentencing in the case of State of Missouri versus Jerry D. Rainwater, Cause Numbers CR784–1165MX, CR784–1378MX and CR784–1683MX, and the court finds ... that the Court proceeded with sentencing in the aforementioned Rainwater cases; that the Court proceeded to hear why Mr. Lee R. Elliott should not be held in direct contempt of this Court for his failure to appear; that no good cause having been shown the Court finds that Mr. Lee R. Elliott has willfully and contemptiously (sic) failed to appear for sentencing in the aforementioned Rainwater cases.

*Now, therefore, it is hereby ordered, adjudged and decreed by the Court that counsel, Mr. Lee R. Elliott, is hereby found to be in direct contempt of this Court for his failure to appear for sentencing in the aforementioned Rainwater cases and is hereby fined the sum of $500.00.* (emphasis ours).

On July 11, 1985, the prosecuting attorney caused an execution and a garnishment in aid thereof to be issued. The garnishment was directed toward respondent's account in the People's Bank of Lincoln County.

On August 2, 1985, respondent filed a motion to quash garnishment in which he alleged, *inter alia*, the following:

The action of this honorable Court on June 20, 1985, was improper, unlawful, and in excess of the jurisdiction of the said Court, and unconstitutionally deprived movant of his rights and property without due process of law, by a summary *ex parte* proceeding against this movant in his absence without providing him notice or opportunity to be heard, to present evidence in his own behalf, to compel the testimony of witnesses, or to confront and cross-examine witnesses against him.

The Judge of Division 1 of the Circuit Court of Lincoln County sustained the motion quashing garnishment, finding the order of contempt out of which execution arose void due to lack of notice and hear-

ing. The court further held that the prosecuting attorney and his assistants were disqualified from acting in the case.

Appellant contends "[t]he court erred by sustaining Respondent's Motion to Quash Execution [garnishment] by considering the merits of the underlying contempt citation and allowing a collateral attack of the judgment. The judgment of contempt was not void, and did not contain any actual or alleged errors which prohibit execution upon the judgment."

Appellant relies principally upon the case of *Reis v. La Presto,* 324 S.W.2d 648 (Mo. 1959). Therein, our Supreme Court stated:

A motion to quash an execution ... does not reach alleged error or irregularities prior to judgment ... and will lie only where the record affirmatively discloses that the judgment is void, or in certain other limited situations when the right to execution is defeated by matters occurring subsequent to the judgment ... such as payment of the judgment. (citations omitted).

*Id.* at 653. Furthermore, we have recognized that "[a] motion to quash garnishment for alleged invalidity of a judgment is a collateral attack on the judgment and will lie only when the record affirmatively discloses that the judgment is void. Such a finding will not be lightly made." (citation omitted). *Stewart v. Rowland Surveying Co.,* 636 S.W.2d 387 (Mo.App.1982).

Appellant contends the judgment finding respondent in direct contempt was not void on its face. In *State ex rel Wendt v. Journey,* 492 S.W.2d 861 (Mo.App.1973) we made absolute a preliminary writ in prohibition in a case involving contempt proceedings where the attorney of record failed to appear for trial. We believe the following language in that decision is dispositive of the major issues in this case:

Failure of an attorney to attend court at the appointed time, when he is under a duty or an obligation to so attend, may amount to contempt of court and be punished as such. *McMullin v. Sulgrove,* 459 S.W.2d 383, 386 (Mo. banc, 1970); Annotation, "Attorney's failure to attend

court, or tardiness, as contempt," 97 A.L. R.2d 431, 438. However, such contempt is classified in this state as indirect criminal contempt, *Ex parte Clark*, 208 Mo. 121, 106 S.W. 990, 997, 998 (1907); *McMullin v. Sulgrove*, supra; and shall be prosecuted on notice which shall "state the essential facts constituting the criminal contempt charged and describe it as such." Rule 35.01.(b), V.A.M.R. [now Rule 36.01(b)].

*Id.* at 863.

 We need not look beyond the order of contempt to find that when the trial court found respondent in contempt it believed that counsel's failure to appear was direct criminal contempt. However, an attorney's failure to appear, when it amounts to contempt, is *indirect* criminal contempt. *Id.* Indirect contempt, under § 476.130, RSMo 1978 and Rule 36.01(b) requires notice, hearing and a reasonable time for the preparation of a defense. The order finding respondent in direct criminal contempt and punishing him summarily is, therefore, void on its face; and the trial court did not err in granting respondent's motion to quash garnishment.

The court erred, however, when it disqualified the prosecuting attorney and his assistants. The trial judge's order in this regard stated the following: "[T]he Court further finds that, taking notice of the Court's files ... that the Prosecuting Attorney Edward Grewach, and consequently his assistants, [are] disqualified from acting as Attorney in this cause...." This portion of the order was made on the court's own motion, and there is nothing in the court file before us that would indicate grounds for disqualification.

Based upon the record before us, the prosecuting attorney properly represented the appellant in attempting to enforce the judgment. The prosecuting attorney is the county's attorney, and represents the county in all matters of law pursuant to § 56.070, RSMo 1978. Furthermore, if, as respondent asserts, the prosecuting attorney had disqualified himself from the underlying criminal case, he would not necessarily have been disqualified in the contempt proceedings. A criminal contempt proceeding is generally held to be independent of the cause out of which the alleged contempt arose. *Odom v. Langston*, 213 S.W.2d 948 (Mo. banc 1948).

The portion of the judgment disqualifying the prosecutor and his staff is reversed; the portion of the order quashing garnishment is affirmed.

DOWD, P.J., and CRIST, J., concur.