**STATE of Missouri, ex rel. David KING, Chief of Police, City of St. Charles, Relator,**

v.

**The Honorable Frank A. CONARD, Circuit Judge, 11th Judicial Circuit, Respondent.**

**Nos. 69568, 69578.**

Missouri Court of Appeals, Eastern District, Writ Division Four.

March 26, 1996.

Margulis & Grant, P.C., Arthur S. Margulis, David R. Crosby, St. Louis, for relator.

Stokes & O'Malley, P.C., Kevin F. O'Malley, St. Louis, for respondent.

KAROHL, Presiding Judge.

On December 6, 1995, Respondent Circuit Judge found Relator, Chief of Police for the City of St. Charles, Missouri, guilty of criminal contempt and issued a "SENTENCE AND JUDGMENT" ordering him to serve fourteen days in the St. Charles County Jail.

However, he suspended the sentence and placed Relator on probation. Respondent entered the sentence and judgment on a preprinted form titled "SENTENCE AND JUDGMENT" which was prepared for use in a variety of criminal cases. The form contains options which may be adopted or adjusted according to the charge(s) and the offender status of a defendant. The form does not contain a reference to, nor does the sentence recite any facts essential to give notice to Relator of the criminal contempt charge(s) levied against him. We issued a Preliminary Order in Prohibition to consider whether the "SENTENCE AND JUDGMENT" order is legally sufficient and enforceable. We find the order legally insufficient and therefore, unenforceable.

Where a contemnor is ordered to jail but the judgment remains unexecuted, the validity of the judgment may be tested by prohibition. *State ex rel. Tannenbaum v. Clark*, 838 S.W.2d 26, 28 (Mo.App.W.D.1992); *State ex rel. Burrell–El v. Autrey*, 752 S.W.2d 895, 901 (Mo.App.1988). The parties in this proceeding agree we have superintending writ authority over their dispute. Mo. Const., art. V, § 4.1.

Supreme Court Rule 36.01 provides the requirements for criminal contempt, direct and indirect. Rule 36.01(a) states:

A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. *The judgment of contempt and the order of commitment shall recite the facts* and shall be signed by the judge and entered of record. (Our emphasis)

For indirect criminal contempt, Rule 36.01(b) provides "the court shall recite in the judgment of contempt and in the order of commitment the essential facts constituting the criminal contempt and fixing the punishment."

Respondent acknowledges he did not "recite facts" or "essential facts constituting criminal contempt" in the "SENTENCE AND JUDGMENT" order. He contends the facts may be found in the Order to Show Cause and his affidavit attached to the order

and in specific findings dictated from the bench at the close of the hearing. He argues for validity and enforceability by asserting,

Although specific findings were not made in the Judgment, the purposes of those requirements were effectively carried out. Relator was informed of the specific facts constituting contempt and Relator has acknowledged that he "declined" to follow the order.

Respondent's position on sufficiency of the judgment is legally unsound. The requirements of the rule are simple, clear and mandatory. They apply both to direct and indirect criminal contempt where the requirements of Rules 36.01(a) and (b) are operatively the same. That requirement has also been recognized in matters of civil contempt. *State ex rel. Barth v. Corrigan*, 870 S.W.2d 458 (Mo.App.E.D.1994). The facts or "essential facts" constituting contempt must be part of the judgment. The mandate of the rule is reenforced by the provisions of § 476.140 RSMo 1994 which read in part, "Whenever a person shall be committed for any contempt specified in sections 476.010 to 476.310, the particular circumstances of [contemnor's] offense shall be set forth in the order or warrant of commitment."

 In a criminal contempt proceeding, the facts and circumstances constituting the offense must be recited with particularity in both the judgment of contempt and the order of commitment. *State ex rel. Tannenbaum v. Clark*, 838 S.W.2d at 28. The particularity must be such that a reviewing court can determine the facts and circumstances constituting the offense from the judgment itself, without resorting to intendment, inference or presumption. *Id.* The rule of strict construction favors the contemnor because the "insistence of the law for strict procedure in criminal contempt is to counterpoise the imbalances of this punitive, albeit *sui generis,* proceeding." *Id.* The court in deciding *State ex rel. Tannenbaum* also recognized that judgments in contempt proceedings are "entered by one not altogether disinterested" and may not be the result of "cool, dispassionate judgments, but may be shaded by the

feelings of one presiding over a court thought to have been outraged by the conduct of a person in attendance upon such court." *Id.* at 29 (*citing Ex parte Creasy,* 243 Mo. 679, 148 S.W. 914, 917 [1] (Banc 1912)).

In applying the rule of strict construction this court recently repeated the uniform ruling on the requirement for findings and conclusions. *State ex rel. Burrell–El v. Autrey,* 752 S.W.2d 895, 899 (Mo.App. 1988). We there acknowledged that "[i]t has long been the rule that both an order of contempt and a warrant or order of commitment or punishment are essential. Furthermore, both the court's order or judgment of contempt and the order or warrant of commitment must recite the facts and circumstances constituting the offense and 'not simply the legal conclusions of the court.'" *Id.* at 899–900. We find no legal authority which would support a finding the "SENTENCE AND JUDGMENT" in the present case is valid and enforceable.

In the absence of the recitation of the essential facts constituting contempt in the present controversy the "SENTENCE AND JUDGMENT" order is not valid and therefore, unenforceable. For that reason we now make our order for prohibition permanent.

REINHARD, P.J., and GRIMM, J., concur.