David L. THORNTON, Petitioner,

v.

Larry DOYLE, Superintendent, Pike County Detention Center, Respondent.

Nos. 73668, 73669.

Missouri Court of Appeals, Eastern District, Writ Division Seven.

June 9, 1998.

Richard G. Sindel, St. Louis, for petitioner.

Mark Steven Fisher, Bowling Green, for respondent.

CRANDALL, Presiding Judge.

This is an original proceeding in habeas corpus in which petitioner, David Thornton, attacks the lawfulness of his detention arising from two judgments of contempt. Petitioner is ordered discharged.

Petitioner is an attorney licensed to practice law in Missouri. The two criminal contempt judgments arise from petitioner's representation of two defendants in separate criminal cases.

For criminal contempt, both the judgment of contempt and order of commitment must recite the relevant facts and circumstances constituting the offense and not simply the legal conclusions of the court. *State ex rel. King v. Conard*, 918 S.W.2d 388, 389–90 (Mo.App. E.D.1996). Here, the first judgment of contempt provides in part as follows. On June 17, 1997, petitioner entered his appearance in the case of State v. Gregory Darnell. On September 5, 1997, petitioner appeared in court with Darnell who entered guilty pleas to two crimes and sentencing was deferred until November 7, 1997. Petitioner failed to appear on November 7, 1997 and Darnell's sentencing was continued until November 17, 1997. The circuit judge (judge) issued an order for petitioner to show cause as to why he should not be held in contempt for failing to appear on November 7, 1997. On November 17, 1997, Darnell appeared but petitioner did not appear. The judge issued an order to show cause as to why petitioner should not be held in con-

tempt for failing to appear on November 17, 1997.

The two show cause orders provide that a hearing would be conducted on November 21, 1997. Petitioner failed to appear on November 21, 1997. When petitioner did not appear on November 21, 1997, the judge considered the show cause orders and found that good cause had not been shown as to why petitioner should not be held in contempt for failing to appear on November 7 and 17, 1997. The judge then found petitioner in contempt and sentenced him to thirty days in jail.

Although not set forth in the contempt judgment, petitioner was in fact present in Pike County Circuit Court on November 17, 1997 and filed two motions. The first was a belated motion for continuance that alleged petitioner became ill on November 7, 1997 after court in St. Louis and he could not drive after taking medication. This motion also provides that petitioner has disabilities in that he suffers from hypertension, diabetes, and a spinal cord injury, and had previously requested that the court allow him a reasonable accommodation. The second motion was titled as a notice of conflict and requested a continuance for the "show cause." The motion alleged that petitioner was served with a show cause order set for November 21, 1997 and that he "is set for a hearing in a 1994 case in Warrenton, Mo." The motion also stated that petitioner "appeared in Pike County on the 17th day of November, 1997" and "waited until after the afternoon court to complete sentencing of Mr. Darnell on November 17, 1997." The record reflects that no evidence was heard relating to the two motions or that the trial court ever ruled on them.

The second judgment of contempt provides in part as follows. On October 28, 1997, petitioner appeared with William Minor for a preliminary hearing in Pike County before an associate circuit judge. At that time, Minor was ordered bound over for arraignment at 9 a.m., November 17, 1997 before a circuit judge. On November 17, 1997, Minor appeared when his case was called at 11:40 a.m. but petitioner did not appear. The arraignment of Minor was continued to November 21, 1997. The judge issued an order for petitioner to appear on November 21, 1997, to show cause as to why he should not be held in contempt for failing to appear on November 17, 1997. On November 21, 1997, Minor appeared but petitioner did not appear.

As with the show cause orders relating to the first contempt judgment, the judge took up the show cause order relating to Minor's case without petitioner being present. The judge found that good cause had not been shown as to why petitioner should not be held in contempt for failing to appear on November 17, 1997. The judge found petitioner in contempt and sentenced him to fifteen days in jail. The written judgment provides that its "intent" was that it be consecutive to "any order of contempt" issued in the Darnell case.

Petitioner was incarcerated from December 10, 1997 until December 19, 1997 in the Pike County jail. On December 19, 1997, petitioner filed two petitions for writs of habeas corpus. The same day this court issued a writ of habeas corpus, and ordered petitioner to be released on his own recognizance. On this court's motion, the two cases were consolidated.

Petitioner argues that he is entitled to habeas corpus relief because his conduct did not constitute criminal contempt and because he was found guilty of criminal contempt and sentenced without being present.

■■■■ There are two classes of contempt, civil and criminal, and each class has two subcategories, direct and indirect. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 578 (Mo. banc 1994). "Criminal contempt is punitive in nature and acts to protect, preserve, and vindicate the authority and dignity of the judicial system and to deter future defiance." *Id.* A direct contempt occurs in the immediate presence of a court or so near it that the proceedings are interrupted. *Id.* "An indirect contempt arises from an act outside the court that tends to degrade or make impotent the authority of the court or to impede or embarrass the administration of justice." *Id.* There is no right of appeal from a judgment of criminal contempt. *State ex*

*rel. Tannenbaum v. Clark,* 838 S.W.2d 26, 28 (Mo.App. W.D.1992). Where the contemnor is committed to jail, the validity of the judgment is tested by a writ of habeas corpus. *Id.*

■ The contempt judgments reflect that petitioner's conduct at issue is his failure to appear in court. In Missouri, an attorney's failure to appear in court is classified as indirect criminal contempt. *State ex rel. County of Lincoln v. Elliott,* 713 S.W.2d 515, 516–17 (Mo.App.1986).

In this case, it is doubtful whether it was proper for the trial court to proceed without petitioner being present. The judge's orders to show cause directed petitioner to appear at 9 a.m., November 21, 1997. Petitioner did not appear on November 21st. Without petitioner being present, the prosecutor requested the judge to take up the show cause order relating to petitioner's conduct in the Darnell case, to hold petitioner in contempt, and to assess an appropriate penalty. The prosecutor did remind the judge that on November 17, 1997, petitioner filed a notice of conflict indicating he had been served with the show cause order but that he was supposed to be in Warrenton, Missouri. The judge then stated that petitioner had not contacted him. The judge asked the prosecutor if petitioner had contacted him and the prosecutor stated he had not. The prosecutor again requested the judge to proceed with the show cause order. After taking judicial notice of the docket sheet and file, the judge found petitioner guilty of contempt and sentenced him to thirty days. The prosecutor made a similar request for the show cause order relating to petitioner's conduct in the Minor case. The judge again found petitioner guilty of contempt and sentenced him to fifteen days.

Rule 36.01(b) provides that in an indirect criminal contempt proceeding, an alleged contemnor is entitled to notice, a reasonable time to prepare for his defense, and a hearing. *See State ex rel. Chassaing,* 887 S.W.2d at 579; *State ex rel. County of Lincoln,* 713 S.W.2d at 517; *See also* Section 476.130 RSMo 1994.

Although no court of this state has conferred upon an alleged contemnor all rights given to a criminal defendant or held that a contempt action is a criminal case, our courts "have long recognized that a criminal contempt proceeding is criminal in nature and that the alleged contemnor is afforded many of the protections of a criminal defendant." *State ex rel. Chassaing,* 887 S.W.2d at 579–80. The Missouri Constitution Section 18(a) provides "[t]hat in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel...." *See also* Section 546.030 RSMo 1994; Rule 31.03(a). The Missouri Supreme Court has stated that:

> [C]riminal contempt, is criminal in nature; and that the accused ... can only be adjudged guilty after due notice, reasonable opportunity to defend and the presentation of sufficient evidence to warrant the judgment; and that a valid commitment in any criminal contempt case must contain the particular circumstances of the offense.

*State ex rel Chassaing,* 887 S.W.2d at 579 (quoting *Osborne v. Purdome,* 244 S.W.2d 1005, 1011 (Mo. banc 1951)).

■ Rule 36.01(b) should be liberally construed to protect the rights of an alleged contemnor. *Id.* at 580. Our review of the language of Rule 36.01(b) and the principles governing indirect criminal contempt proceedings leads to the conclusion that an alleged contemnor clearly has the right to be present at a hearing. We acknowledge that, as in criminal cases, this right may in some circumstances be waived by the voluntary acts of an alleged contemnor. *See State v. Ward,* 622 S.W.2d 354, 357 (Mo.App.1981) (holding that the constitutional right to be present at trial may be waived by the voluntary acts of a criminal defendant). Here, however, there is no evidence to support a finding petitioner's absence was a voluntary act.

■ On November 17, 1997, petitioner was served with the notices to appear to show cause. That day petitioner filed a notice of conflict, asserting that he could not appear on November 21, 1997 because he had to appear in Warrenton, Missouri at a hear-

ing for a 1994 case.[1] In his notice of conflict motion, petitioner requested that the matter be continued to another date. The prosecutor reminded the judge that petitioner filed the notice of conflict. The record does not reflect that the judge ever ruled on this motion. It was necessary, as in any other case, for the judge to rule on this motion. If the judge denied the motion and petitioner nonetheless failed to appear, then the judge could issue an order of arrest, have petitioner brought before the court and proceed with the trial.[2] *See* Rule 36.01(b).

Even assuming the contempt hearing and sentencing were properly conducted, the sparse evidence in the record does not support judgments that petitioner was guilty of indirect criminal contempt for failure to appear.

■ Section 476.110(3) RSMo 1994, gives every court of record the power to punish for criminal contempt persons guilty of willful disobedience of any process or order lawfully issued or made by the court. The determination for an appellate court when reviewing a contempt judgment for an attorney who fails to appear is whether the attorney "did intentionally manifest disdain and disrespect for the court." *McMullin v. Sulgrove*, 459 S.W.2d 383, 388 (Mo. banc 1970).

The first contempt judgment relates to petitioner's failure to appear on November 7 and 17, 1997 in the Darnell case. Petitioner filed a motion on November 17, 1997, asserting that he became ill on November 7, 1997 after court in St. Louis and could not drive after taking medication. Petitioner requested a continuance but the record does not reflect that the judge ruled on the motion. The record indicates petitioner was tardy for the November 17, 1997 proceedings. In his notice of conflict motion filed November 17, 1997, petitioner states he "appeared in Pike

County on the 17th day of November, 1997," and that he "waited until after the afternoon court to complete sentencing of Mr. Darnell on November 17, 1997."

■ Failure to appear, without more, does not constitute criminal contempt. Like a crime, contempt must be measured by the intent with which it is committed. *Id.* at 386. An alleged contemnor is presumed to be innocent until proven guilty beyond a reasonable doubt. *State ex rel. Chassaing*, 887 S.W.2d at 579. A court cannot make contempt of that which is not contempt. *State ex rel. Tannenbaum*, 838 S.W.2d at 31. Here, petitioner's explanations for his absences were set forth in the motions he filed with the trial court. Those motions, rather than being heard, considered, and ruled on, were not even mentioned in the judgment of contempt. In addition, the judgment of contempt was incorrect when it stated that petitioner failed to appear on November 17, 1997. Thus, the record fails to demonstrate, beyond a reasonable doubt, petitioner's willful disobedience of any process or court order, or that he intentionally manifested disdain or disrespect for the court.

■ The second contempt judgment relates to petitioner's failure to appear on November 17, 1997 when the Minor case was called. As previously stated, petitioner was tardy on November 17, 1997. Petitioner represented Minor before an associate circuit judge for purposes of a preliminary hearing on a felony complaint, but he did not enter his appearance on Minor's behalf when Minor was formally charged with a crime in circuit court.[3] Although both proceedings involve the same defendant, they are separate proceedings before different divisions of the circuit court. Furthermore, in discussing the matter on November 17, 1997 at 11:40 a.m., the prosecutor told the judge that peti-

---

1. In addition, petitioner filed with this court a docket sheet that reflects that he was the attorney for a criminal defendant in Audrain County, and he appeared at a hearing on November 21, 1997 that had been scheduled for 9 a.m. prior to him being served with the show cause orders.

2. The second judgment of contempt was issued on December 15, 1997, while petitioner was incarcerated.

3. Part of the record is a letter dated November 11, 1997 from petitioner to William Minor stating that unless Minor met certain conditions petitioner would not enter his appearance and Minor would have to retain another attorney.

tioner was scheduled to appear in front of another judge for a show cause order and that petitioner "probably figured he didn't have to be here until noon." Again, the record fails to demonstrate, beyond a reasonable doubt, petitioner's willful disobedience of any process or court order, or that he intentionally manifested disdain or disrespect for the court.

Nothing in this opinion should be construed as vindication of petitioner's conduct. It is probable that petitioner could have taken certain actions that would have prevented the contempt judgments from being entered. However, to suggest that petitioner could have chosen a better course does not render the course selected as contemptuous. *McMullin,* 459 S.W.2d at 387–88.

Petitioner is ordered discharged.

GARY M. GAERTNER and ROBERT G. DOWD, Jr., JJ., concur.