## In the Matter of Richard Burton BAUER, Attorney–Respondent.

## No. 99SA137.

Supreme Court of Colorado,
En Banc.

June 4, 2001.

---

John S. Gleason, Attorney Regulation Counsel, Denver, CO, Attorney for Petitioner.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

These are two consolidated contempt proceedings that were initiated by the Office of Regulation Counsel, which charged the respondent, Richard Burton Bauer, with continuing to practice law in violation of our order immediately suspending him. We issued a contempt citation ordering Bauer to show cause why he should not be held in contempt. After considering his response, we appointed the presiding disciplinary judge (PDJ) as a special master to make findings whether Bauer was in contempt of our suspension order and, if so, to recommend an appropriate sanction. The PDJ conducted proceedings and held a hearing on the contempt charges. Bauer did not attend the hearing. In a written report to the court following the hearing, the PDJ recommended that Bauer be adjudged guilty of contempt of our immediate suspension order and recommended that Bauer be sentenced to thirty days in jail and be ordered to pay a fine of $3633.00.

We hold that the accused in a criminal contempt proceeding has a Sixth Amendment right to be present at the hearing on the contempt charges. While Bauer had proper notice of the hearing, the record contains no evidence that Bauer affirmatively waived his right to be present and the PDJ made no findings regarding such a waiver. We conclude that the PDJ's findings and recommendation must be rejected.

### I. Facts

Bauer was admitted to practice law in Colorado on April 7, 1966. On May 13, 1999, we immediately suspended him from the practice of law pending the resolution of charges that he had violated the Rules of Professional Conduct. *See* C.R.C.P. 251.8. On October 1, 1999, the regulation counsel filed a motion for a contempt citation that alleged that Bauer was continuing to practice law. *See* C.R.C.P. 251.3(c)(8). We issued a contempt citation on October 7, 1999, directing Bauer to file a written response within twenty days to "show cause, if any, you may or can have, why you should not be held in contempt of court for engaging in the unauthorized practice of law." Bauer filed such a

response, through his attorney. The response denied most of the allegations and requested a hearing. The contempt citation warned Bauer that a fine or imprisonment might be imposed to vindicate the dignity of the court, a direct warning that the court was considering holding him in criminal contempt. On November 4, 1999, we appointed the PDJ as a special master to conduct "any necessary proceeding" and to make findings and a recommendation. Bauer and his lawyer appeared before the PDJ on December 14, 1999, and the PDJ advised Bauer of his rights under Rule 107. (See below.) A hearing was set for March 9, 2000.

On December 22, 1999, the regulation counsel filed a second motion for a contempt citation, asserting that Bauer was still practicing law while under suspension. The second motion alleged different facts than the first. We issued the second contempt citation on January 4, 2000, and Bauer accepted service on January 6. On January 26, however, Bauer's lawyer moved to withdraw, citing an inability to contact his client, and the motion was granted on February 11, 2000. Bauer did not respond to the second contempt citation. We appointed the PDJ as a special master for the second contempt proceeding on February 7, 2000. Bauer did not attend a status conference held on February 17, but the PDJ sent him a written advisement of his rights under C.R.C.P. 107, including the right to an appointed attorney. Thus, although Bauer received proper notice of the charges against him and of what might happen if he were adjudged guilty of contempt, he did not respond.

Bauer failed to appear at the hearing on March 9, 2000. The PDJ entered a plea of not guilty for Bauer, and then proceeded to try him in absentia. Following the hearing, the PDJ recommended that this court find Bauer guilty of criminal contempt, sentence him to thirty days in jail, and order him to pay a fine of $3,633.00 (representing three times the amount of attorney's fees that Bauer collected while suspended).

## II. Analysis

■ The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." The Confrontation Clause guarantees the accused's right to be present in the courtroom at every stage of the trial. *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (citing *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)). The Fourteenth Amendment makes the Confrontation Clause binding upon the states. *Pointer v. Texas*, 380 U.S. 400, 405–407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Court has also recognized that even in situations where the accused is not actually confronting evidence against him, he has a Fourteenth Amendment "due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S.Ct. 330, 78 L.Ed. 674 (1934)).

■ A defendant may waive the right to be present at his criminal trial by his voluntary absence from the trial. *Taylor v. United States*, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). However, the trial judge must conduct an inquiry adequate to determine whether the accused has effectively waived his right to be present by his voluntary absence from the trial. *See Drope v. Missouri*, 420 U.S. 162, 182, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

■ First, the trial judge must ensure that the defendant had adequate notice of the trial date and notice of the consequences of not appearing. The record affirmatively shows that these conditions were satisfied. Next, the trial judge must determine why the defendant is absent from the trial: whether the defendant has voluntarily waived his presence by conduct, e.g., by fleeing the jurisdiction; or whether events outside of the defendant's control have prevented his presence. The record in this case contains no such inquiry.

■ The issue then is whether the Sixth Amendment right to be present applies to a

criminal contempt proceeding. We hold that it does.

■ In *People v. Razatos,* 699 P.2d 970 (Colo.1985), we described the Sixth Amendment rights of a person charged with both civil and criminal contempt:

The deprivation of a person's liberty has the same effect on the confined person when jailed after civil or other types of proceedings as when imprisoned after conviction for a crime. *See United States v. Anderson,* 553 F.2d 1154, 1156 (8th Cir. 1977); *Padilla v. Padilla,* 645 P.2d 1327, 1328 (Colo.App.1982). For this reason, the possibility of imprisonment arising out of contempt proceedings, whether civil or criminal, has been held to trigger Sixth Amendment rights to counsel, *United States v. Anderson,* 553 F.2d at 1156; *People v. Lucero,* 196 Colo. 276, 283–84, 584 P.2d 1208, 1214 (1978); *Padilla v. Padilla,* 645 P.2d at 1328; to a jury trial when the possible deprivation of liberty exceeds a certain length, *Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *People v. Zamora,* 665 P.2d 153, 154 (Colo. App.1983); to public proceedings, *P.R. v. District Court,* 637 P.2d at 350–54; and to call and confront witnesses in certain circumstances, *P.R. v. District Court,* 637 P.2d at 350–51; *Losavio v. District Court,* 182 Colo. 180, 185, 512 P.2d 266, 268 (1973).

699 P.2d at 977. C.R.C.P. 107(d)(1) lists similar rights:

At the first appearance, the person shall be advised of the right to be represented by an attorney and, if indigent and if a jail sentence is contemplated, the court will appoint counsel. The maximum jail sentence shall not exceed six months unless the person has been advised of the right to a jury trial. The person shall also be advised of the right to plead either guilty or not guilty to the charges, the presumption of innocence, the right to require proof of the charge beyond a reasonable doubt, the right to present witnesses and

evidence, the right to cross-examine all adverse witnesses, the right to have subpoenas issued to compel attendance of witnesses at trial, the right to remain silent, the right to testify at trial, and the right to appeal any adverse decision.

The Supreme Court of Texas has held that the Sixth Amendment right to confront witnesses and be present at trial applies to criminal contempt proceedings. *Ex Parte Johnson,* 654 S.W.2d 415, 421 (Tex.1983). Moreover, "[i]t is the burden of the moving party, not the accused, to affirmatively demonstrate that a defendant in a criminal proceeding had sufficient notice to appreciate the criminal nature of the proceeding against him *and that he has knowingly, intelligently, and voluntarily waived his right to be present and participate at trial.*" *Id.* (emphasis added). Thus, "where an individual is cited for criminal contempt and fails to appear at the appointed time and place, the proper procedure is to bring the individual into court under a capias or writ of attachment." *Id.* at 422; *see also Thornton v. Doyle,* 969 S.W.2d 342, 345 (Mo.App.1998) (holding that alleged contemnor has the right to be present at his contempt hearing, and discharging him where there was no evidence in the record supporting a finding that his absence was a voluntary act).

■ While the record indicates that Bauer had proper notice of the hearing, it contains no affirmative waiver of his right to be present. Just as importantly, the PDJ made no findings that Bauer knowingly, intelligently, and voluntarily waived his right to be present and participate at the hearing. We are therefore compelled to reject the PDJ's findings and recommendation.

At the same time that this opinion is released, therefore, we are issuing a new contempt citation to Richard Burton Bauer. Bauer is ordered to appear personally before the presiding disciplinary judge within twenty days after service of the citation.[1] Upon Bauer's appearance before the PDJ, the PDJ shall conduct further proceedings consistent

---

1. The presiding disciplinary judge will notify us if Bauer does not comply with contempt citation, and we will then proceed in accordance with C.R.C.P. 107(c) ("If such person fails to appear at the time so designated, and it is evident to the court that the person was properly served …, a warrant for the person's arrest may issue to the sheriff.").

with C.R.C.P. 107 and this opinion, and make new findings and provide a recommendation to this court regarding the regulation counsel's contempt charges against Bauer.